J-A26029-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GUNNAR DERRY | |
| Appellant | No. 1159 EDA 2021 |

Appeal from the Judgment of Sentence Entered April 7, 2021
In the Court of Common Pleas of Bucks County
Criminal Division at No.: CP-09-CR-0000947-2019

BEFORE:  BOWES, J., STABILE, J., and McCAFFERY, J.

MEMORANDUM BY STABILE, J.:                    **FILED MARCH 11, 2022**

Appellant Gunnar Derry appeals from the April 7, 2021 judgment of sentence entered in the Court of Common Pleas of Bucks County ("trial court"), following his guilty plea to one count of possession with intent to deliver, two counts of possession of a controlled substance, and one count of possession of drug paraphernalia.[1]  Upon review, we affirm.

The facts and procedural history of this case are undisputed.  Briefly, on October 1, 2019, Appellant plead guilty to the aforementioned crimes based on the following facts presented at the guilty plea hearing:

> [The] affiant in this matter is Patrolman Zachary Waltman, at the time employed by the Tullytown Police Department.  On January 7h of 2019 at approximately 11:21 a.m., Officer Waltman observed a vehicle in the jurisdiction of Tullytown Borough, Bucks

---

[1] 35 P.S. § 780-113(a)(30), (16) and (32).

County, Pennsylvania.  The vehicle was registered to a Shawn T. Gruber.  The affiant conducted a traffic stop of the vehicle.

Officer Waltman approached the vehicle and spoke to Ms. Gruber who knew her license was suspended.  While talking to Ms. Gruber, a strong odor of burnt marijuana was emanating from the vehicle.  Ms. Gruber advised she had a medical marijuana card and did smoke earlier.  The passenger in the vehicle was identified as [Appellant].

The officer had all subjects step out of the vehicle.  He patted down [Appellant] and felt a ball bulge in his front left pocket.  [The] affiant immediately identified it as contraband and pulled it out of the pocket.  Removed from the pocket were two wrapped bundles of blue wax baggies stamped 2019.  Also removed was a folded-over wad of cash totaling $390.

Also recovered from [Appellant] was a paper box with multiple bundles of wrapped blue wax baggies stamped in his right front pocket.  Also recovered from the vehicle were two burnt marijuana blunts.  Also recovered was a syringe full of black wax which was suspected marijuana oil and an orange pill bottle with a ripped label with four orange pills inside and [Appellant] explained everything was his.

He was placed in custody and transported to Bristol Township police. He was searched in the holding area and recovered were two more blue bags stamped 2019.  These items were submitted to NMS Laboratories and tested positive for 6.44 grams of a combination of Fentanyl, heroin and 4-ANPP.  Those items were possessed by [Appellant] with the intent to deliver on that date.

Trial Court Opinion, 6/24/21, at 1-2 (record citation omitted).  Following the

guilty plea, the trial court recounted:

Sentencing was deferred for trial counsel to obtain mitigation evidence.  On November 5, 2020, Appellant failed to appear for sentencing and a bench warrant was issued.  On January 19, 2021, Appellant was brought before the Honorable Brian T. McGuffin and was Ordered to remain in the Bucks County Correctional Facility (hereinafter "BCCF") until sentencing.  Appellant appeared via video from the BCCF indicating that he was picked up on the warrant and did not turn himself in voluntarily.

> On April 7, 2021, this Court imposed an aggregate sentence of not less than five (5) nor more than ten (10) years in a state correctional facility with a consecutive probation period of twelve (12) months. Appellant was given credit for time served. On April 16, 2021, Appellant filed a motion to reconsider sentence asserting that his sentence was excessive. On April 27, 2021, a hearing was held and this court denied Appellant's motion. On May 26, 2021, Appellant filed notice of appeal to the Superior Court.

*Id.* at 2 (unnecessary capitalizations omitted). The trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant complied, challenging only the discretionary aspects of his sentence. In response, the trial court issued a Pa.R.A.P. 1925(a) opinion.

> On appeal, Appellant raises a single issue for our review:

> [I.] Whether the trial court abused its discretion by imposing a sentence in the standard range because it failed to consider mitigating factors and exceeded what is necessary to rehabilitate [Appellant] and protect the public.

Appellant's Brief at 4 (unnecessary capitalizations omitted).

At the outset, "we note that when a defendant enters a guilty plea, he or she waives all defects and defenses except those concerning the validity of the plea, the jurisdiction of the trial court, and the legality of the sentence imposed." *Commonwealth v. Stradley*, 50 A.3d 769, 771 (Pa. Super. 2012) (citation omitted). "Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise." *Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa. Super. 2011) (citation omitted). Where there have been no sentencing restrictions in a plea agreement, an "open plea," the entry of a guilty plea will not preclude

a challenge to the discretionary aspects of sentencing. *Commonwealth v. Dalberto*, 648 A.2d 16, 20 (Pa. Super. 1994), *appeal denied*, 655 A.2d 983 (Pa. 1995). The record in this case reveals that Appellant entered into an open guilty plea. He, therefore, is permitted to challenge the discretionary aspects of his sentence.

Here, as mentioned, Appellant essentially claims that the trial court abused its discretion because it failed to consider mitigating factors and, as a result, imposed an excessive sentence. In support, Appellant posits that he should have received a county sentence, which would be in the mitigated range, because he claimed that, while in custody, he completed several programs and therapy courses evidencing his "desire and ability to be rehabilitated." Appellant's Brief at 13. He also pointed to his work history and avoidance of drugs while on supervision as additional mitigating factors. *Id.* at 14.

It is well-settled that "[t]he right to appeal a discretionary aspect of sentence is not absolute." *Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa. Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence, an appellant's appeal should be considered as a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 162 (Pa. Super. 2007). As we stated in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* at 170 (citing *Commonwealth v. Evans*, 901 A.2d 528 (Pa. Super. 2006)). Whether a particular issue constitutes a substantial question about the appropriateness of sentence is a question to be evaluated on a case-by-case basis. *See Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa. Super. 2001), *appeal denied*, 796 A.2d 979 (Pa. 2002).

Here, Appellant has satisfied the first three requirements of the four-part *Moury* test. Appellant filed a timely appeal to this Court, preserved the issue on appeal through his post-sentence motions, and included a Pa.R.A.P. 2119(f) statement in his brief.[2] We, therefore, must determine only if Appellant's sentencing issues raise a substantial question.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825, 828 (Pa. Super. 2007). We have found that a substantial question exists "when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the

---

[2] Rule 2119(f) provides that "[a]n appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." Pa.R.A.P. 2119(f).

Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Phillips***, 946 A.2d 103, 112 (Pa. Super. 2008) (citation omitted), ***appeal denied***, 964 A.2d 895 (Pa. 2009). "[W]e cannot look beyond the statement of questions presented and the prefatory [Rule] 2119(f) statement to determine whether a substantial question exists." ***Commonwealth v. Christine***, 78 A.3d 1, 10 (Pa. Super. 2013), ***affirmed***, 125 A.3d 394 (Pa. 2015).

It is settled that this Court does not accept bald assertions of sentencing errors. ***See Commonwealth v. Malovich***, 903 A.2d 1247, 1252 (Pa. Super. 2006). When we examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists, "[o]ur inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." ***Commonwealth v. Ahmad***, 961 A.2d 884, 886-87 (Pa. Super. 2008) (quoting ***Commonwealth v. Tirado***, 870 A.2d 362, 365 (Pa. Super. 2005)). A Rule 2119(f) statement is inadequate when it "contains incantations of statutory provisions and pronouncements of conclusions of law[.]" ***Commonwealth v. Bullock***, 868 A.2d 516, 528 (Pa. Super. 2005) (citation omitted).

Here, Appellant asserts in his Rule 2119(f) statement that (1) his sentence is excessive because the court did not take into account mitigating factors. Based on Appellant's 2119(f) statement, we conclude that he has failed to raise a substantial question. Appellant's excessiveness claim is

premised on his argument that the trial court failed to consider his mitigating circumstances. In this regard, we have "held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa. Super. 2013) (quoting *Commonwealth v. Downing*, 990 A.2d 788, 794 (Pa. Super. 2010)); *see also Commonwealth v. Berry*, 785 A.2d 994 (Pa. Super. 2001) (explaining allegation that sentencing court failed to consider certain mitigating factor generally does not raise a substantial question); *Commonwealth v. Cruz-Centeno*, 668 A.2d 536, 545 (Pa. Super. 1995) ("[a]n allegation that a sentencing [judge] 'failed to consider' or 'did not adequately consider' certain factors does not raise a substantial question that the sentence was inappropriate,"), *appeal denied*, 676 A.2d 1195 (Pa. 1996); *Commonwealth v. Bershad*, 693 A.2d 1303, 1309 (Pa. Super. 1997) (finding absence of substantial question where appellant argued the trial court failed to adequately consider mitigating factors and to impose an individualized sentence). Consistent with the foregoing cases, we conclude that Appellant failed to raise a substantial question with respect to his excessiveness claim premised on inadequate consideration of mitigating factors.

Even if we were to find a substantial question, Appellant still would not be entitled to relief. Our review of the sentencing transcript reveals that the trial court heard testimony and argument concerning Appellant's mitigating circumstances and considered the same in crafting his sentence of 5 to 10

years' in prison. **See** N.T., Sentencing, 4/7/21, at 9-14, 21-22, 25, 28, and 30. Moreover, as Appellant readily concedes, **see** Appellant's Brief at 8, he was sentenced in the standard range. The trial court explained:

> First, Appellant was sentenced within the lower end of the standard range in the sentencing guidelines and, considering the fact that Appellant possessed 6.44 grams of fentanyl, heroin, and 4-ANPP distributed into 178 bags, this court believed such a sentence appropriate to protect the community. Second, Appellant has an extensive criminal history, which spans over twenty years and includes a variety of felony convictions. To date, Appellant has failed to take advantage the rehabilitative services offered by the judicial system and continues to reoffend. In fact, this is Appellant's second drug offense in a relatively short period of time. Moreover, Appellant pled guilty and then fled before being sentenced. While it is not clear from the record why he was picked up on the warrant, it is clear that Appellant did not turn himself in voluntarily, thereby indicating Appellant's disregard for his actions and his likelihood to reoffend.

Trial Court Opinion, 6/24/21, at 5 (unnecessary capitalizations omitted). We conclude that the trial court considered Appellant's mitigating circumstances. However, given his extensive criminal background, we cannot conclude that the trial court abused its discretion in sentencing him to 5 to 10 years' imprisonment. Accordingly, we would not disturb Appellant's sentence on appeal.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>3/11/2022</u>